UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES HARRIS, on behalf of himself and :
all other inmates of the Adult Correctional :
Institutions, Cranston, Rhode Island (ACI), :
       Plaintiff, :
        :
v. :     C.A. No. 15-222ML
        :
INVESTIGATOR D. PERRY, :
LT. MARCO, CPT. JAMES HOLLIS, :
WARDEN VIERRA, JAMES WEEDEN, :
ASHBEL T. WALL, II, PATRICIA :
COYNE-FAGUE, GINA M. CARUOLO, :
MATTHEW KETTLE, other employees of :
(ACI), :
       Defendants. :

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

      On June 1, 2015, Plaintiff James Harris[1] filed a *pro se* 1983 civil rights complaint together with a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. ECF Nos. 1, 2, 3.[2] Based on my review of the application and supporting documents, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(2); accordingly, his IFP motion will be granted if the case survives screening. However, because of the IFP application and Plaintiff's status as a prisoner, this case is subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Based on my review of

---

[1] Plaintiff's complaint asserts the claims on behalf of "James Harris on behalf of himself and all other inmates of the Adult Correctional Institutions, Cranston, Rhode Island (ACI)." ECF No. 1 at 1. For reasons that will be explicated in this report and recommendation, Plaintiff cannot file a complaint *pro se* on behalf of other individuals. Thus, I identify only James Harris as "Plaintiff" in this report and recommendation.

[2] Plaintiff's motion for appointment of counsel (ECF No. 3) is addressed in a memorandum and order issued concurrently with this report and recommendation.

the operative pleading,[3] I find that it fails to state a claim upon which relief may be granted. Accordingly, I recommend that Plaintiff be granted leave to file an amended complaint within thirty days of this Court's adoption of this recommendation that states an actionable claim (if he has one). Such an amended complaint must overcome the deficits identified in this report and recommendation; if an amended complaint is not timely filed, or if the amended complaint still fails to state a claim, this action should be dismissed.

I.      BACKGROUND

Plaintiff's pleading arises under 42 U.S.C. § 1983. It is based on his claim that he was maliciously charged by Investigator D. Perry with narcotics trafficking for bringing drugs into the Adult Correctional Institutions ("ACI") because that charge carries more segregation time than "smuggling category-one contraband," which is the charge he contends should have been brought, if any. ECF No. 1 at 4. He contends that Defendant Perry maliciously held his property under false pretenses during the investigation of the incident, that Defendants Vierra, Weeden and Wall failed to investigate the "overcharging," that Defendants Marco and Hollis failed adequately to review the evidence prior to finding him guilty of narcotics trafficking and that Defendants Wall, Coyne-Fague and Caruolo violated his and other inmates' Eighth Amendment rights when they enacted the disciplinary policy that allows sanctions that exceed thirty days in segregation. See ECF No. 1 at 5. Plaintiff names Defendant Kettle as a defendant based on the allegation that he made the following statement: "all inmates in (seg) for narcotics trafficking would not have their (seg) time suspended even if they remain booking free for more than 90 days." ECF No. 1 at 6.

---

[3] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

Plaintiff's detailed factual allegations may briefly be summarized. On November 16, 2014, Plaintiff's visitor was found smuggling drugs into minimum security and Plaintiff was charged with an infraction for narcotics trafficking. Three days later, after Plaintiff was in segregation, Investigator Perry interviewed him and made an offer – if he would provide a statement against two other inmates, he would be released from segregation back into minimum security. Otherwise, he would receive 365 days in segregation for the offense. He refused. After a disciplinary board hearing before Lt. Marco on November 21, 2014, Plaintiff was found guilty of narcotics trafficking, allegedly based on Investigator Perry's statement of "alleged phone conversations;" a sentence of 180 days in segregation, 180 days of lost good time credits and 365 days of lost visitation was imposed. ECF No. 1 at 4. Plaintiff appealed the disciplinary board decision to Warden Vierra, stating that "if anything he should be booked for smuggling category-one contraband into the facility." ECF No. 1 at 4. On November 28, 2014, Plaintiff had a second disciplinary board hearing, this time before Cpt. James Hollis. Again he was found guilty, but this time he was sanctioned with 365 days in segregation, 365 days of lost good time credits and 365 days of lost visitations. A second appeal was taken, to Director Ashbel T. Wall. According to Plaintiff, Director Wall advised that Warden James Weeden "had the final say," and Warden Weeden denied Plaintiff's appeal. ECF No. 1 at 5.

Based on these facts, Plaintiff asserts state law claims of malicious intent and prosecution and federal claims based on alleged deprivations of his rights to substantive and procedural due process, to equal protection and to be free from cruel and unusual punishment under the Eighth Amendment; he also asserts a "failure to act" claim against Defendants Vierra, Weeden and Wall. ECF No. 1 at 3-6. In his prayer for relief, Plaintiff seeks injunctive and declaratory relief,

3

as well as nominal, compensatory and punitive damages; he further seeks to hold Defendant Wall in civil and criminal contempt. ECF No. 1 at 6-8.

## II. SCREENING

### A. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Sections 1915 and 1915A also require dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a)-(b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances. When a *pro se* prisoner complaint fails to state a claim but is not frivolous, the First Circuit has cautioned against *sua sponte* dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (per curiam). Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) (vacating dismissal under §§ 1915(e) and 1915A).

### B. Analysis

#### 1. *Pro Se* Parties Cannot Represent Other Individuals

Plaintiff is a *pro se* litigant who purports to file this action on behalf of himself and all other inmates at the ACI. ECF No. 1 at 1. As such, he is effectively seeking to serve as a class representative, invoking without naming Fed. R. Civ. P. 23(a), and potentially exposing the absent putative class members to prejudice if judgment enters against him on these claims. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (judgment against *pro se* prisoner purporting to represent class may prevent the other inmates from later raising the same claims); Maldonado v. Terhune, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (class claims interpreted by court as request to represent the class, which is denied; court will evaluate only individual claim).

Individuals appearing *pro se* cannot adequately represent and protect the interests of a Rule 23 class. Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005) (*pro se* plaintiff not allowed to represent proposed class because he is not an attorney and cannot adequately represent class members). Plaintiff's ability to sue for anyone other than himself is also prohibited by the Local Rules of this Court. DRI LR Gen 205(a)(2) ("An individual appearing *pro se* may not represent any other party . . . ."). This is consistent with 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." See Vazquez v. Fed. Bureau of Prisons, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) (*pro se* plaintiff may not represent class of prisoners without assistance of counsel) (citing 28 U.S.C. § 1654); Davis v. Superintendent, SCI Huntingdon, No. 3:12-CV-01935, 2013 WL 6837796, at *1 (M.D. Pa. Dec. 23, 2013) (plain error to permit an inmate plaintiff who is unassisted by counsel to represent his fellow inmates in a class action) (citing Wallace v. Smith, 145 F. App'x 300, 302

(11th Cir. 2005)); see also Alexander v. N.J. State Parole Bd., 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (per curiam); Oxendine, 509 F.2d at 1407.

Because Plaintiff may not represent any interests but his own, I recommend that this Court deny his request to represent a class and that all derivative claims, that is, all but those that he asserts on his own behalf, be dismissed without prejudice. See Davis, 2013 WL 6837796, at *1. To be clear, if Plaintiff subsequently engages counsel or this Court subsequently determines that counsel should be appointed and an attorney accepts the engagement, these class claims may be restated and pursued to the extent otherwise appropriate. See DeBrew v. Atwood, No. 12-5361, 2015 WL 3949421, at *11 (D.C. Cir. June 30, 2015).

### 2. Plaintiff's Due Process, Equal Protection and Eighth Amendment Claims

Plaintiff's due process, equal protection and Eighth Amendment claims are all grounded in his core allegation that it was unfair for him to receive the discipline imposed for attempting to bring narcotics into the ACI; without explaining why (other than that trafficking carries the potential for a harsher sentence), he contends that he should have been charged with drug smuggling and not with narcotics trafficking. He alleges that this "overcharging" occurred because he had had a "dirty urine" several years before and that segregation for more than thirty days amounts to cruel and unusual punishment. Finally, he claims that a policy that inmates in segregation for narcotics trafficking are not eligible for suspension of segregation for good behavior amounts to a violation of his right to equal protection.

The analysis of the viability of his claims must begin with the well-settled principle that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). Discipline by prison officials in response to a wide range of

misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485-86 (1995) (disciplinary segregation, without more, does not implicate protected liberty interest so as to entitle prisoner to procedural protections of Due Process Clause). Only changes in prison conditions resulting from discipline imposed without appropriate due process that constitute "atypical" and "significant" hardships sufficient to give rise to the loss of a liberty interest are potentially actionable under § 1983. Id. at 486; Hewes v. R.I. Dep't of Corrs., No. C.A. 00-205 S, 2003 WL 751027, at *2 (D.R.I. Feb. 11, 2003) (quoting Sandin, 515 U.S. at 484); see also Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989) (prisoner must establish liberty interest to allege due process violation).

To state a due process claim, a complaint regarding prison discipline must plausibly allege the loss of a liberty interest based on the imposition of conditions that are atypical and inflict a significant hardship. Hewes, 2003 WL 751027, at *2-3 (where segregation did not constitute atypical and significant hardship, no liberty interest implicated and § 1983 action dismissed). While courts differ over whether some length of disciplinary segregation may become so long as to be atypical and a significant hardship, all of the cases that follow Sandin concur that an allegation of disciplinary segregation alone is insufficient to implicate a liberty interest. See, e.g., Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000) (segregation for 305 days or more implicates a liberty interest); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (disciplinary segregation never implicates a liberty interest unless it inevitably affects the duration of the sentence); Marino v. Klages, 973 F. Supp. 275, 278 (N.D.N.Y. 1997) (three hundred days in disciplinary isolation is not atypical or significant deprivation as to trigger due process protections). Similarly, to implicate the Eighth Amendment, prison conditions must be inhumane and officials must be deliberately indifferent to the inhumane conditions. Wilson v.

7

Seiter, 501 U.S. 294, 302-03 (1991). Disciplinary segregation, even for periods as long as twenty six months, does not constitute cruel and unusual punishment. Green v. Hearing Officer on report 452704, No. CIV. 14-857 ADM/BRT, 2015 WL 2381590, at *2 n.7 (D. Minn. May 19, 2015).

Pursuant to Sandin and its progeny, to state a viable claim, Plaintiff must plead more than placement in disciplinary segregation for 365 days based on a guilty finding of narcotics trafficking. See Cook v. Wall, No. 09-169S, 2013 WL 773444, at *1-2 (D.R.I. Feb. 28, 2013) (liberty interest implicated where allegations in aggregate show prisoner placed in disciplinary segregation without hearing or evidence and with improper notice of disciplinary decision). He must plausibly allege that his punishment not only violated ACI policy, but also inflicted punishment that is atypical and imposes a significant hardship or that prison officials, acting with deliberate indifference, subjected him to inhumane conditions. Sandin, 515 U.S. at 486; Wilson, 501 U.S at 302-03; Green, 2015 WL 2381590, at *2 n.7. Lacking such allegations, this complaint does not adequately plead either the loss of a liberty interest or cruel and unusual punishment. Accordingly, both the due process and the Eighth Amendment allegations must be dismissed for failure to state a claim. See Lekas v. Briley, 405 F.3d 602, 613 (7th Cir. 2005) (disciplinary segregation alone does not necessarily produce "atypical and significant hardship" under Sandin); Petaway v. C/O Duarte, C.A. No. 11-497-ML, 2012 WL 1883506, at *3 (D.R.I. May 22, 2012) (thirty days of punitive segregation is not "atypical and significant" hardship); see also Glover v. Horvath, No. 1:13-CV-2729, 2015 WL 4040597, at *8 (M.D. Pa. July 1, 2015) (placement in disciplinary segregation does not trigger substantive due process protection when segregation is not atypical and significant hardship). Finally, an ACI policy providing that the same consequences should be imposed on prisoners who committed the same infraction does not

implicate the Equal Protection Clause; accordingly, Plaintiff's equal protection claims should be dismissed. See Schofield v. Clarke, 769 F. Supp. 2d 42, 48 (D. Mass. 2011) (plaintiff fails to set forth any facts showing that he was treated differently from others who were similarly situated, he fails to meet the threshold showing required to state a viable equal protection claim).

Accordingly, I find that all of Plaintiff's claims arising under federal law are unviable and recommend that they be dismissed for failure to state a claim. With no federal question remaining, I also recommend that his state law claims for malicious intent and prosecution should be dismissed. 28 U.S.C. § 1367(c).

### 3. Loss of Good Time Credit Does Not Implicate a Viable Liberty Interest and May be Heck-Barred

Alternatively, and to the extent that Plaintiff seeks reinstatement of his good-time credit, that aspect of his claim should be dismissed. The cases interpreting Rhode Island's good time credit statute make clear that Plaintiff's complaint of loss of 365 days good time credit fails to state a claim, in that this consequence cannot amount to the loss of a liberty interest as a matter of law. Almeida v. Wall, No. 08-184S, 2008 WL 5377924, at *7 (D.R.I. Dec. 23, 2008) (Rhode Island good time credit statute is discretionary and does not create a liberty interest); see also Moore v. Begones, No. 09-543 S, 2010 WL 27482, at *4 (D.R.I. Jan. 4, 2010) (same). Accordingly, to the extent that Plaintiff's claim is based on the loss of good time credit, it should be dismissed.

Relatedly, to the extent that Plaintiff's claim of entitlement to good time credit relates to the length of his sentence, his claim cannot clear the bar in Heck v. Humphrey, 512 U.S. 477, 487 (1994),[4] which holds that, when a prisoner seeks damages pursuant to § 1983, "the district

---

[4] Heck is not implicated when a prisoner brings a challenge that does not affect the duration of his criminal sentence. Muhammad v. Close, 540 U.S. 749, 751 & n.1 (2004). Thus, Heck is not a bar when a prisoner challenges the

9

court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated in a habeas proceeding. In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court applied Heck to prison disciplinary proceedings, holding that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of a disciplinary hearing used to deprive him of good time credit is not cognizable under § 1983 unless the prisoner can demonstrate that the sanction had previously been invalidated. Pursuant to Heck and Edwards, actions under § 1983 for restoration of good time credit are not cognizable because to grant this relief would necessarily invalidate the disciplinary conviction and thereby reduce the length of incarceration in prison by restoring good time credit. See Johnson v. Livingston, 360 F. App'x 531, 532 (5th Cir. 2010) (per curiam); Walters v. Guilfoyle, 68 F. App'x 939, 940-41 (10th Cir. 2003); Williams v. Wilkinson, 51 F. App'x 553, 557 (6th Cir. 2002); see also White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (under Heck a prisoner cannot bring § 1983 action for loss of good time credit). A state prisoner must first invalidate a disciplinary conviction in a habeas proceeding; if successful, he can bring a § 1983 action. See DeWitt v. Wall, 121 F. App'x 398, 399 (1st Cir. 2004) (per curiam).

### III. CONCLUSION

Based on the foregoing, I recommend that this Court deny Plaintiff's request to represent a class and that all derivative claims, that is, all but those that he asserts on his own behalf, be dismissed without prejudice. I further recommend that his complaint based on allegations of injury to himself be dismissed for failure to state a claim upon which relief can be granted, with

---

conditions of his confinement and not the length of his confinement. See Hill v. McDonough, 547 U.S. 573, 579 (2006).

leave for Plaintiff to file an amended complaint (without class allegations) addressing the deficits discussed in this report and recommendation within thirty days of the Court's adoption of this recommendation. If an amended complaint is not timely filed, or if the amended complaint still fails to state a claim, I recommend that this action be dismissed with prejudice and his Motion to Proceed *in Forma Pauperis* (ECF No. 2) be denied as moot.[5] See 28 U.S.C. §§ 1915(e)(2), 1915A.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72d. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
July 15, 2015

---

[5] If Plaintiff timely files an amended complaint that states a claim upon which relief can be granted, this Court will grant his motion to proceed IFP; an Order, which sets out the amount to be paid as an initial filing fee and monthly until the filing fee is paid in full, will be entered at that time.