UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES HARRIS,
      Plaintiff

      v.                                                           C.A. No. 15-222-ML

Investigator D. Perry, et al.,
      Defendants

**MEMORANDUM AND ORDER**

The *pro se* plaintiff in this Section 1983 claim, James Harris ("Harris"), is currently incarcerated at the Rhode Island Adult Criminal Institution ("ACI"). Initially, Harris sought to bring an action on his own behalf and on the behalf of all other ACI inmates. Complaint (Dkt. No. 1). Harris also filed motions for leave to proceed in *forma pauperis*, (Dkt. No. 2), and to have counsel appointed for him (Dkt. No. 3). The case was referred to Magistrate Judge Sullivan for screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The matter is before this Court on Harris's objection to the July 15, 2015 Report and Recommendation (the "R&R"), in which the Magistrate Judge recommends that (1) Harris's request to represent a class be denied and all purported class claims be dismissed; (2) Harris's complaint related to his allegedly suffered injuries be dismissed for failure to state a claim upon which relief can be granted; (3) Harris be permitted to

1

file an amended individual complaint to cure the deficiencies identified in the R&R; and (4) if an amended complaint is not filed or if the amended complaint still fails to state a claim upon which relief may be granted, the action be dismissed with prejudice and Harris's motion to proceed in *forma pauperis* be dismissed as moot. R&R at 10-11 (Dkt. No. 4).

## I. Factual and Procedural Summary

On June 1, 2015, Harris filed a civil rights action, styled as a class action on his behalf and that of all other ACI inmates. Harris's claims stem from an incident in which one of Harris's visitors was found to have drugs on her person while entering minimum security at the ACI. According to Harris, he was charged with narcotics trafficking. After Harris had been found guilty in two separate disciplinary board hearings, he received a sanction of 365 days in segregation, 365 days of lost good time, and 365 days of lost visitation.

In his initial complaint, Harris asserts federal claims of violations of his rights of due process and equal protection and under the Eighth Amendment of the United State Constitution, as well as state law claims for malicious intent and prosecution. Harris's claims are based on, *inter alia*, the contention that he should only have been charged with "smuggling catagory-one [sic] contraband into the facility," which apparently carried a lesser sanction than a charge of narcotics trafficking. Complaint at ¶ 10

(Dkt. No. 1).

On July 23, 2015, following issuance of the July 15, 2015 R&R, Harris filed an objection (Dkt. No. 6) to the R&R, an amended complaint (the "Amended Complaint") (Dkt. No. 7), and a separate motion to hold Ashbel T. Wall II, the Director of the Rhode Island Department of Corrections, in contempt (Dkt. No. 8). In the Amended Complaint, now only asserted on his own behalf,[1] Harris restates his federal and state law based claims, and he again seeks both injunctive and declaratory relief, as well as monetary damages.

## II.  Discussion

After reviewing the Complaint, the R&R, Harris's objection, and the Amended Complaint, the Court concludes that, although Harris has expanded on his factual allegations, his pleadings again fall short in stating a claim upon which relief can be granted. As the Magistrate Judge pointed out in her thorough R&R, in order to state a viable claim, Harris was required to make plausible allegations that the sanctions imposed on him for the drug trafficking charge was "atypical" and imposed a "significant hardship" on him, or that he was subjected to "inhumane conditions" by prison officials who acted with "deliberate indifference." R&R at 8. None of the facts asserted in the Amended Complaint amount to

---

[1] Harris did not object to the recommendation in the R&R that the Court deny Harris's request to represent a class and that all derivative claims be dismissed.

3

such allegations. Instead, Harris concedes that (1) his visitor was found to have narcotics on her person while entering minimum security; (2) he received a hearing before the disciplinary board which found him guilty of a narcotics trafficking charge; and (3) after Harris appealed to the warden, he received a second disciplinary hearing in which he was found guilty of the same charge.

Harris's complaint that, compared to "the ordinary quality of prison life in a minimum security facility," his current segregation at maximum security and loss of visitation and good time, "create an atypical and significant hardship" is insufficient to form the basis of a constitutional violation claim. Likewise, Harris's claims of prison officials' failure to act and of malicious intent and prosecution are limited to the same allegations asserted in his original complaint and they are factually unsupported and insufficient to form the basis of a claim.

In sum, because Harris's Amended Complaint suffers from the same infirmities identified by the Magistrate Judge in her R&R, and for the reasons stated therein, the action is dismissed[2].

---

[2] Although the R&R recommends a dismissal with prejudice, should Harris fail to cure the deficiencies in his original complaint, the Court declines to follow that recommendation.

**Conclusion**

The Court adopts the July 15, 2015 R&R (Dkt. No. 4); the Amended Complaint (Dkt. No. 7) is DISMISSED; and Harris's motion (Dkt. No. 8) to hold Ashbel T. Wall in contempt is DENIED. Harris's motion for leave to proceed in *forma pauperis* is DENIED as moot.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

August 14, 2015